**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TIMOTHY NIVER, individually and on behalf of all persons similarly situated,** | : | **Civil Action No.:** |
| | : | |
| | : | **Complaint – Class and Collective Action** |
| **Plaintiff,** | : | |
| | : | **Jury Trial Demanded** |
| **v.** | : | |
| | : | **ELECTRONICALLY FILED** |
| **SPECIALTY OILFIELD SOLUTIONS, LTD., CALUMET SPECIALTY PRODUCTS PARTNERS, L.P., and ANCHOR DRILLING FLUIDS USA, INC.,** | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| **Defendants.** | : | |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff Timothy Niver ("Plaintiff"), through his undersigned counsel, individually and on behalf of all persons similarly situated, files this Class and Collective Action Complaint against Defendants Specialty Oilfield Solutions, Ltd. ("Specialty Oilfield"), Calumet Specialty Products Partners, L.P. ("Calumet"), and Anchor Drilling Fluids USA, Inc. ("Anchor Drilling") (collectively, "Defendants"), seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq*. ("FLSA") and Pennsylvania law.  The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## JURISDICTION AND VENUE

1.      Jurisdiction over Plaintiff's FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2.      This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims because those claims derive from a common nucleus of operative facts.

3.       Venue in this Court is proper pursuant to 28 U.S.C. § 1391.  The events giving rise to Plaintiff's claims occurred within this District, and Defendants conduct business in this District.

**PARTIES**

4.       Plaintiff Timothy Niver ("Plaintiff") worked for Specialty Oilfield Solutions, Ltd. in Waynesburg, Pennsylvania (among other locations), between approximately December 2011 and August 2013, and, pursuant to 29 U.S.C. § 216(b), he has consented in writing to being a Plaintiff in this action.

5.       Defendant Specialty Oilfield Solutions, Ltd. ("Specialty Oilfield") is a Houston, Texas based company that was founded in 2005.  Specialty Oilfield is a solids control and drilling fluids company with operations in the Marcellus, Eagle Ford and Utica shale plays.  On August 1, 2014, Defendant Calumet Specialty Products Partners, L.P. announced that it acquired Specialty Oilfield for $30 million.  Specialty Oilfield now operates as a subsidiary of Defendant Anchor Drilling Fluids USA, Inc., which, in turn, is a wholly owned subsidiary of Defendant Calumet Specialty Products Partners, L.P.[1]

6.       Defendant Calumet Specialty Products Partners, L.P. ("Calumet") is an independent producer of specialty hydrocarbon products and fuel products in North America.  Calumet is headquartered in Indianapolis, Indiana and owns facilities located in Louisiana, Wisconsin, Montana, Texas and Pennsylvania.

7.       Defendant Anchor Drilling Fluids USA, Inc. ("Anchor Drilling") is a drilling

---

[1] *See* Calumet Specialty Products Partners, L.P., Quarterly Report (Form 10-Q) (August 8, 2014), *available at* http://app.quotemedia.com/data/downloadFiling?webmasterId=101533&ref=9744751&type=HTML&symbol=CLMT&companyName=Calumet+Specialty+Product+Partners+LP&formType=10-Q&dateFiled=2014-08-08.

fluids company that provides customized fluid solutions and well-site services.  Anchor Drilling is headquartered in Tulsa, Oklahoma, and it is a wholly owned subsidiary of Calumet.

8.      Defendants Specialty Oilfield Solutions, Calumet and Anchor Drilling are joint employers.

9.      Specialty Oilfield employed Plaintiff and similarly situated employees.

10.      Upon information and belief, following the acquisition of Specialty Oilfield, Calumet and Anchor Drilling now jointly employ the Specialty Oilfield workforce, including, without limitation, Solids Control Technicians.  By way of non-exhaustive examples of this joint employer arrangement, Calumet posts job posting for Solids Control Technicians on its publicly accessible website; Calumet and Anchor Drilling distribute training manuals to the Solids Control Technicians; and Solids Control Technicians receive company apparel bearing the Calumet, Anchor Drilling and Specialty Oilfield logos.

11.      Defendants employ individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-207.

12.      Defendants' annual gross volume of business exceeds $500,000.

13.      Defendants are not independently owned and controlled local enterprises within the meaning of 29 U.S.C. § 207(b)(3).

## CLASS DEFINITIONS

14.      Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as an FLSA collective action on behalf of the following class of potential opt-in litigants:

> All current or former employees of Specialty Oilfield Solutions, Ltd., Calumet Specialty Products Partners, L.P., and/or Anchor Drilling Fluids USA, Inc.

3

(collectively, "Defendants") who performed work as Solids Control Technicians for Defendants in the United States at any time between November 21, 2011 and the present (the "FLSA Class").

15.     Plaintiff also brings this lawsuit for Counts Two through Four as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of himself and the following class:

All current or former employees of Specialty Oilfield Solutions, Ltd., Calumet Specialty Products Partners, L.P., and/or Anchor Drilling Fluids USA, Inc. (collectively, "Defendants") who performed work as Solids Control Technicians for Defendants in the Pennsylvania at any time between November 21, 2010[2] and the present (the "Pennsylvania Class").

16.     The FLSA Class and the Pennsylvania Class are together referred to as the "Classes."

17.     Plaintiff reserves the right to re-define the Classes prior to notice or class certification, and thereafter, as necessary.

## FACTS

18.     Defendants employ members of the Classes throughout the United States.

19.     From approximately December 2011 through August 2013, Plaintiff was employed by Specialty Oilfield as a non-exempt Solids Control Technician in and around Pennsylvania.

20.     During Plaintiff's employment, Specialty Oilfield paid Plaintiff a salary that did not provide him with any overtime premium for hours worked in excess of forty (40) in a workweek.  Upon information and belief, all of the members of the Classes were paid pursuant to the same compensation scheme, which is common in the industry.

21.     The rigs on which Plaintiff and the Classes work are not used as a means of transportation.

---

[2] The statute of limitations on Plaintiff's unjust enrichment claim is four years.  Accordingly, Count IV of the Complaint goes back to November 21, 2010.

22.     Defendants Calumet and Anchor Drilling have the authority to control Class Members' employment conditions.  As an example of this authority, Calumet and Anchor Drilling have distributed employee handbooks and training materials to the workforce.

23.     Defendants Calumet and Anchor Drilling have the authority to determine rates and methods of payment for the Classes.

24.     Defendants Calumet and Anchor Drilling are also involved in the day-to-day activities at the Classes' work sites.  As an example of this involvement, Calumet and Anchor Drilling employees lead training sessions and oversee members of the Classes' job duties.

25.     Defendants Calumet and Anchor Drilling have the authority to hire and fire members of the Classes.  As an example of this authority, Calumet advertises that it is hiring Solids Control Technicians on its publically accessible website.

26.     Plaintiff and the Classes are blue collar workers whose work involves repetitive manual labor duties such as setting up, tearing down, monitoring and maintaining field equipment; performing pre and post job equipment inspections; performing preventative maintenance procedures on the solids control equipment; operating support equipment; and assembling and preparing equipment for installation.

27.     Plaintiff and the Classes exercise little to no discretion in performing their jobs. Rather, Plaintiff and the Classes perform duties that are specifically assigned by upper-level managers.

28.     Plaintiff and the Classes also apply their knowledge of oil and gas drilling to follow specifically prescribed procedures or determine which procedure to follow.

29.     Plaintiff and the Classes have no input as to staffing jobs or setting production goals.  All decisions regarding staffing and production are handled by upper-level managers.

5

30.     Plaintiff and the Classes do not supervise any other employees who work for Defendants.

31.     Plaintiff and the Classes do not manage a customarily recognized department or subdivision of Defendants' business operations.

32.     Plaintiff and the Classes have no discretion to hire or fire employees.  All decisions regarding hiring and firing are handled by upper-level managers.

33.     Plaintiff and the Classes have no authority to discipline or promote employees. All decisions regarding discipline or promotions are handled by upper-level managers.

34.     Plaintiff and the Classes have no authority to enter into agreements or contracts with clients or customers.  All decisions regarding customer agreements or contracts are handled by upper-level managers.

35.     Plaintiff and the Classes have no independent authority to spend company funds.

36.     Defendants have a policy or practice of failing to compensate Plaintiff and the Classes for all overtime hours worked.

37.     Plaintiff and the Classes are classified as non-exempt from the overtime pay mandates of the FLSA.

38.     Plaintiff and the Classes are paid a fixed salary per week, regardless of the number of hours worked by these non-exempt employees in a given workweek.

39.     Plaintiff and the Classes are scheduled to work twelve (12) hour shifts, seven (7) days per week, on a rotation of fourteen (14) days on, and seven (7) days off.

40.     Plaintiff and the Classes frequently work in excess of their scheduled twelve (12) hour shifts.  Plaintiff and the Classes are often required to attend pre and/or post shift meetings, and Plaintiff and the Classes must remain working when mechanical or staffing issues arise.

41.     Plaintiff and the Classes routinely work in excess of forty (40) hours per week.

42.     Defendants do not pay Plaintiff and the Classes any overtime premiums for hours worked over forty (40) in a workweek.

43.     Defendants do not maintain accurate records of the hours that Plaintiff and the Classes worked each workday and the total hours worked each workweek as required by the FLSA.  *See* 29 C.F.R. § 516.2(a)(7).

44.     Defendants have acted willfully and with reckless disregard of clearly applicable FLSA and state law provisions by failing to compensate Plaintiff and the Classes for hours worked in excess of forty (40) during the workweek.

## COLLECTIVE ACTION ALLEGATIONS

45.     Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Class, as defined above.

46.     Plaintiff desires to pursue his FLSA claims on behalf of all individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

47.     Plaintiff and the FLSA Class are "similarly situated" as that term is used in 29 U.S.C. § 216(b) because, *inter alia*, all such individuals currently work or have worked pursuant to Defendants' previously described common business and compensation practices as described herein, and, as a result of such practices, have not been paid the full and legally mandated overtime premium for hours worked over forty during the workweek.  Resolution of this action requires inquiry into common facts, including, *inter alia*, Defendants' common compensation, timekeeping and payroll practices.

48.     Specifically, Defendants paid Plaintiff and the FLSA Class a set salary per week, regardless of the number of hours that Plaintiff and the FLSA Class actually worked.

49.     The similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' business and human resource records.

50.     Defendants employ many FLSA Class Members throughout the United States. These similarly situated employees may be readily notified of this action through direct U.S. mail and/or other means, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

51.     Plaintiff also brings this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and the Pennsylvania Class, as defined above.

52.     The members of the Pennsylvania Class are so numerous that joinder of all members is impracticable.  Upon information and belief, there are more than 40 members of the Pennsylvania Class.

53.     Plaintiff will fairly and adequately represent and protect the interests of the Pennsylvania Class because there is no conflict between the claims of Plaintiff and those of the Pennsylvania Class, and Plaintiff's claims are typical of the claims of the Pennsylvania Class. Plaintiff's counsel are competent and experienced in litigating class actions and other complex litigation matters, including wage and hour cases like this one.

54.     There are questions of law and fact common to the proposed Pennsylvania Class, which predominate over any questions affecting only individual Class members, including, without limitation: whether Defendants have violated and continue to violate Pennsylvania law through their policy or practice of not paying its non-exempt Solids Control Technicians any overtime compensation.

55.     Plaintiff's claims are typical of the claims of the Pennsylvania Class in the following ways: 1) Plaintiff is a member of the Pennsylvania Class; 2) Plaintiff's claims arise out of the same policies, practices and course of conduct that form the basis of the claims of the Pennsylvania Class; 3) Plaintiff's claims are based on the same legal and remedial theories as those of the Pennsylvania Class and involve similar factual circumstances; 4) there are no conflicts between the interests of Plaintiff and the Pennsylvania Class members; and 5) the injuries suffered by Plaintiff are similar to the injuries suffered by the Pennsylvania Class members.

56.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Pennsylvania Class predominate over any questions affecting only individual Class members.

57.     Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein.  Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.  No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.  The Pennsylvania Class is readily identifiable from Defendants' own employment records.  Prosecution of separate actions by individual members of the Pennsylvania Class would create the risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for Defendants.

58.     A class action is superior to other available methods for adjudication of this

controversy because joinder of all members is impractical.  Furthermore, the amounts at stake for

many of the Pennsylvania Class members, while substantial, are not great enough to enable them

to maintain separate suits against Defendants.

59.     Without a class action, Defendants will retain the benefit of their wrongdoing,

which will result in further damages to Plaintiff and the Pennsylvania Class.  Plaintiff envisions

no difficulty in the management of this action as a class action.

## COUNT I
## Violation of the FLSA

60.     All previous paragraphs are incorporated as though fully set forth herein.

61.     The FLSA requires that covered employees be compensated for all hours worked

in excess of forty (40) hours per week at a rate not less than one and one-half times the regular

rate at which he is employed.  *See* 29 U.S.C. § 207(a)(1).

62.     At all relevant times, Defendants have been, and continue to be, employers

engaged in interstate commerce and/or the production of goods for commerce, within the

meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

63.     During all relevant times, Plaintiff and the FLSA Class were covered employees

entitled to the above-described FLSA protections.

64.     At all relevant times and continuing to the present time, Defendants had a policy

and practice of refusing to pay overtime compensation for its Solids Control Technicians for

hours worked in excess of 40 per workweek.

65.     Defendants knowingly failed to compensate Plaintiff and the FLSA Class at a rate

of one and one-half times their regular hourly wage for hours worked in excess of 40 hours per

week, in violation of 29 U.S.C. § 207(a)(1).

66.     As a result of Defendants' willful failure to compensate Plaintiff and the FLSA

10

Class at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendants have violated and, continue to violate the FLSA, 29 U.S.C. §§ 207(a)(1) and 215(a).

67.    As a result of Defendants' failure to record, report, credit and/or compensate Plaintiff and the FLSA Class, Defendants have failed to make, keep and preserve records with respect to each of their employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 211(c) and 215(a).

68.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

## COUNT II
### Violation of the Pennsylvania Minimum Wage Act

69.    All previous paragraphs are incorporated as though fully set forth herein.

70.    The Pennsylvania Minimum Wage Act of 1968 ("PMWA") requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half times the regular rate at which he is employed.  *See* 43 P.S. § 333.104(c) and 34 Pa. Code. §§ 231.41 and 231.42.

71.    Defendants' compensation scheme applicable to Plaintiff and the Pennsylvania Class failed to comply with either 43 P.S. § 333.104(c) or 34 Pa. Code. §§ 231.41 and 231.42.

72.    Defendants knowingly failed to compensate Plaintiff and the Pennsylvania Class at a rate of one and one-half times their regular hourly wage for hours worked in excess of 40 hours per week, in violation of 43 P.S. § 333.104(c) and 34 Pa. Code. § 231.41.

73.    During all relevant times, Plaintiff and the Pennsylvania Class were covered employees entitled to the above-described PMWA protections.

74.    In violating the PMWA, Defendants acted willfully and with reckless disregard of

clearly applicable PMWA provisions.

**COUNT III**
**Violation of the Pennsylvania Wage Payment and Collection Law**

75.     All previous paragraphs are incorporated as though fully set forth herein.

76.     The Pennsylvania Wage Payment and Collection Law ("WPCL") provides that an employer is obligated to pay all wages due to its employees.  *See* 43 P.S. § 260.3.

77.     Defendants have intentionally failed to pay the wages due as set forth in the preceding paragraphs of this Complaint to Plaintiff and the Pennsylvania Class, in violation of Pennsylvania Code, 43 P.S. § 260.3.

78.     Defendants are not permitted by state or federal law, or by order of a court of competent jurisdiction, to withhold or divert any portion of Plaintiff and the Pennsylvania Class' wages that concern this lawsuit.

79.     Defendants do not have written authorization from any Plaintiff or Pennsylvania Class Member to withhold, divert or deduct any portion of his or her wages that concern this lawsuit.

80.     Pursuant to 43 P.S. §§ 260.9 and 260.10, employers, such as Defendants, who intentionally fail to pay an employee wages in conformance with the WPCL shall be liable to the employee for the wages or expenses that were intentionally not paid, liquidated damages, court costs and attorneys' fees incurred in recovering the unpaid wages.

81.     Defendants violated Pennsylvania law by failing to pay Plaintiff and the Pennsylvania Class for all compensable time and by failing to pay Plaintiff and the Pennsylvania Class for work time, including overtime, at the established rate.

**COUNT IV**
**Unjust Enrichment**

82.     All previous paragraphs are incorporated as though fully set forth herein.

12

83.     Defendants have received and benefited from the uncompensated labors of Plaintiff and the Pennsylvania Class, such that to retain said benefit without compensation would be inequitable and rise to the level of unjust enrichment.

84.     At all relevant times hereto, Defendants devised and implemented a plan to increase their earnings and profits by fostering a scheme of securing work from Plaintiff and the Pennsylvania Class without paying overtime compensation for all hours worked.

85.     Contrary to all good faith and fair dealing, Defendants induced Plaintiff and the Pennsylvania Class to perform work while failing to pay overtime compensation for all hours worked as required by law.

86.     By reason of having secured the work and efforts of Plaintiff and the Pennsylvania Class without paying overtime compensation as required by law, Defendants enjoyed reduced overhead with respect to their labor costs, and therefore realized additional earnings and profits to their own benefit and to the detriment of Plaintiff and the Pennsylvania Class.  Defendants retained and continue to retain such benefits contrary to the fundamental principles of justice, equity, and good conscience.

87.     Accordingly, Plaintiff and the Pennsylvania Class are entitled to judgment in an amount equal to the benefits unjustly retained by Defendants.

## PRAYER FOR RELIEF

Wherefore, Plaintiff seeks the following relief on behalf of himself and all others similarly situated:

A.     An order permitting this litigation to proceed as an FLSA collective action pursuant to 29 U.S.C. § 216(b);

B.     Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Class members;

C.    An order permitting this litigation to proceed as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of the Pennsylvania Class;

D.    Back pay damages (including unpaid overtime compensation, unpaid spread of hours payments, and unpaid wages) and prejudgment interest to the fullest extent permitted under the law;

E.    Liquidated damages to the fullest extent permitted under the FLSA and Pennsylvania law;

F.    Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the FLSA and Pennsylvania law; and

G.    Such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury for all issues of fact.

Dated:  November 21, 2014                         Respectfully submitted,


                                                     /s Shanon J. Carson
                                                   Shanon J. Carson (PA 85957)
                                                   Sarah R. Schalman-Bergen (PA 206211)
                                                   Alexandra L. Koropey  (PA 315240)
                                                   BERGER & MONTAGUE, P.C.
                                                   1622 Locust Street
                                                   Philadelphia, PA  19103
                                                   Telephone: (215) 875-3000
                                                   Facsimile: (215) 875-4604
                                                   Email: scarson@bm.net
                                                             sschalman-bergen@bm.net
                                                             akoropey@bm.net

                                                   *Attorneys for Plaintiff*