# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **TIMOTHY NIVER, HEATH TUBBS,  and JUSTYN GRIMSLEY, individually and on behalf of all persons similarly situated,** : : : : | **Civil Action No.: 2:14-cv-01599-JFC**  **Chief Judge Joy Flowers Conti** |
| **Plaintiffs,** : : | |
| **v.** : : : | |
| **SPECIALTY OILFIELD SOLUTIONS, LTD., CALUMET SPECIALTY PRODUCTS PARTNERS, L.P., and ANCHOR DRILLING FLUIDS USA, INC.,** : : : : : | |
| **Defendants.** : | |

## SETTLEMENT AGREEMENT AND RELEASE

1.    This Settlement Agreement and Release (the "Settlement Agreement," "Settlement" or "Agreement") is entered into between Plaintiffs Timothy Niver, Heath Tubbs and Justyn Grimsley (collectively, "Plaintiffs") and Defendants Specialty Oilfield Solutions, Ltd. ("Specialty"), Calumet Specialty Products Partners, L.P. ("Calumet"), and Anchor Drilling Fluids USA, Inc. ("Anchor") (collectively, Defendants"), subject to the approval of the Court. Plaintiffs and Defendants may be referred to collectively as the "Parties."

## RECITALS

2.    Plaintiff Timothy Niver, a former Solids Control Technician ("SCT") with Specialty, filed his initial Class and Collective Action Complaint on November 21, 2014.  (ECF No. 1.)  On December 30, 2014, Defendants filed a Motion to Dismiss the Complaint.  (ECF No. 14.)  On January 15, 2015, Plaintiffs Timothy Niver and Heath Tubbs filed a First Amended Class and Collective Action Complaint, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201*, et seq.* ("FLSA"), the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.101, *et seq.* ("PMWA"), and common law unjust enrichment under Pennsylvania law.  (ECF No. 21.)  On February 2, 2015, Defendants filed an Answer to Plaintiffs' First Amended Class and Collective Action Complaint.  (ECF No. 24.)

3.    On February 9, 2015, the parties filed a Joint Motion to Stay Discovery, Grant Conditional Certification, Order Notice, and Permit Alternative Dispute Resolution ("ADR Stipulation").  (ECF No. 25.)  The Court granted the parties' motion and entered the ADR Stipulation on February 13, 2015.  (ECF No. 29.)  Pursuant to the parties' ADR Stipulation, notice of this action was sent to 204 potential members of the conditionally certified FLSA Class on March 6, 2015.

4.      The sixty (60) day notice and opt-in period concluded on May 5, 2015.  As of June 12, 2015, a total of 103 individuals (approximately 50% of the FLSA Class to whom notice was sent), including the two named Plaintiffs, returned Opt-In Consent Forms to join the action.

5.      During the parties' subsequent settlement negotiations, Plaintiffs' counsel identified other putative claims under the laws of Ohio in addition to Pennsylvania state law. With Defendant's consent, on June 15, 2015, Plaintiffs filed a Second Amended Complaint, adding allegations under the Ohio Minimum Fair Wage Standards Act, OHIO REV. CODE ANN. § 4111.03(A) ("OMFWSA"), and unjust enrichment under Ohio law. (ECF No. 74.)  The Parties agree that the deadline for Defendants to file a responsive pleading to the Second Amended Complaint is extended through the date of the Court's ruling regarding final approval of the Settlement Agreement.  Upon entry of a Final Approval Order, Defendants' response to the Second Amended Complaint shall be excused through the dismissal with prejudice of the Action.

6.      On June 5, 2015, the Parties participated in mediation before an experienced mediator, William H. Lemons.  Prior to the mediation, and pursuant to the Parties' agreed alternative dispute resolution ("ADR") process, Defendants provided Plaintiffs with voluminous electronic and hardcopy payroll records, timesheets and applicable policies, which Plaintiffs' Counsel reviewed and analyzed.  Plaintiffs' counsel also engaged in an intensive effort to conduct detailed interviews of as many of the 103 Opt-In Plaintiffs as possible regarding their work experiences.

7.      As a result of the mediation, the Parties have agreed to settle this Action according to the terms of this Settlement Agreement.

8.      Plaintiffs' Counsel has made a thorough and independent investigation of the facts and law relating to the allegations in the Second Amended Complaint.  In agreeing to this Settlement Agreement, Plaintiffs have considered:  (a) the facts developed during the Parties' ADR process and the law applicable thereto; (b) the attendant risks of continued litigation and the uncertainty of the outcome of the claims alleged against Defendants; and (c) the desirability of consummating this Settlement according to the terms of this Settlement Agreement.  Plaintiffs have concluded that the terms of this Settlement are fair, reasonable and adequate, and that it is in the best interests of Plaintiffs and the Settlement Class to settle their claims against Defendants pursuant to the terms set forth herein.

9.      Defendants deny the allegations in the Second Amended Complaint and deny that they have any liability for failing to pay overtime compensation to their employees.  Defendants are entering into this Agreement because it will eliminate the burden, risk, and expense of further litigation.  This Settlement Agreement and all related documents are not and shall not be construed as an admission by Defendants of any fault, liability or wrongdoing.

10.      The Parties recognize that notice to the Settlement Class of the material terms of this Settlement, as well as Court approval of this Settlement, are required to effectuate the Settlement, and that the Settlement will not become operative until the Court grants final approval of it and the Settlement becomes effective.

11.     The Parties stipulate and agree that, for settlement purposes only, the requisites for establishing collective action certification under the FLSA pursuant to 29 U.S.C. § 216(b), and class certification pursuant to FED. R. CIV. P. 23(a) and (b)(3) are met.  Should this Settlement not become final, such stipulation to class certification shall become null and void and shall have no bearing on, and shall not be admissible in connection with, the issue of whether or not certification would be appropriate in a non-settlement context.

12.     In consideration of the foregoing and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by each party to the other, IT IS HEREBY AGREED, by and between the undersigned, subject to the final approval of the Court and the other conditions set forth herein, that Plaintiffs' and the Settlement Class Members' claims against Defendants shall be settled, compromised and dismissed, on the merits and with prejudice, and that the Released Claims (as defined below) shall be finally and fully compromised, settled and dismissed as to the Releasees (as defined below), in the manner and upon the terms and conditions set forth below.

## DEFINITIONS

13.     The following terms used in this Settlement Agreement shall have the meanings ascribed to them below:

a.      "Action" means *Niver, et al. v. Specialty Oilfield Solutions, Ltd., et al.*, No. 2:14-cv-01599-JFC pending in the United States District Court for the Western District of Pennsylvania.

b.      "Amended Complaint" means Plaintiffs' Second Amended Class and Collective Action Complaint in *Niver, et al. v. Specialty Oilfield Solutions, Ltd., et al.*, No. 2:14-cv-01599-JFC.

c.      "CAFA Notice" means the notice to be sent by Defendants to appropriate federal and state officials pursuant to the requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b) ("CAFA"), within ten (10) business days after the submission of this Settlement Agreement to the Court.  A copy of any CAFA Notice shall be provided to Class Counsel.

d.      "Class Counsel" means Berger & Montague, P.C.

e.      "Class Periods" collectively mean:

  i.      The "Pennsylvania Class Period," which means the period from November 21, 2011 through the Court's Preliminary Approval Order;

  ii.     The "Ohio Class Period," which means the period from June 15, 2009 through the Court's Preliminary Approval Order;

  iii.    The "FLSA Class Period," which means the period between either (a) three years prior to the date the Opt-In Plaintiff filed his

3

respective Opt-In Consent Form or with the Court or (b) three years prior to the date the Settlement Administrator received his Opt-In Consent Form and the Court's Preliminary Approval Order.

f.      "Court" means the United States District Court for the Western District of Pennsylvania.

g.      "Defendants" mean Specialty Oilfield Solutions, Ltd., Calumet Specialty Products Partners, L.P., and Anchor Drilling Fluids USA, Inc.

h.      "Defendants' Counsel" means Buchanan Ingersoll & Rooney P.C. and Reed Smith, LLP.

i.      "Eligible Class Member" means all Settlement Class Members who do not timely opt out of the Settlement Class.

j.      "Effective Date" means the first business day after the Court's Final Approval Order if there are no objectors, and if there are any objectors, means the first business day after the Court's Final Approval Order is finally affirmed on appeal and/or is no longer subject to appeal or certiorari, and the time for any petition for reargument, appeal, or review, by certiorari or otherwise, has expired (*i.e.*, thirty days from Final Approval as that term is defined below).

k.      "Fee Award" means the award of attorneys' fees that the Court authorizes to be paid to Class Counsel for the services they rendered to Plaintiffs and the Settlement Class in the Action.

l.      "Final Approval" or "Final Approval Order" means the Court's Final Approval Order approving the Settlement and entering judgment.

m.      "Final Approval Hearing" means the hearing to be held by the Court to consider the final approval of the Settlement.

n.      "Gross Settlement Amount" means the maximum amount that Defendants shall pay in exchange for the release of all Released Claims by Plaintiffs and the Settlement Class, which is the gross sum of Two Million, One Hundred Thousand Dollars ($2,100,000.00), excluding the employers' share of FICA and FUTA payroll taxes.  In no event shall the Gross Settlement Amount exceed this sum, plus the employers' share of FICA and FUTA payroll taxes on the amounts paid to Eligible Class Members.

o.      "Net Settlement Amount" means the Gross Settlement Amount less: (i) up to $20,000.00 to be divided among Plaintiffs Niver, Tubbs, and Grimsley for their efforts in bringing and prosecuting this matter and moreover, in exchange for their additional Released Claims executed in favor of Defendants as set forth in Paragraph 12(a), below; (ii) the payment of attorneys' fees to Class Counsel, not to exceed one-third of the Gross Settlement Amount, plus the payment of out-of-pocket costs incurred by Class Counsel, which currently are $13,797.29; and (iii) the Settlement Administrator's costs related to administering this Settlement, which are estimated not to exceed $17,500.00.  The Parties acknowledge that all of

4

these amounts are subject to the Court's approval.

        p.    "Notice Deadline" means the date forty-five (45) days after the Settlement Notice and Claim and Opt-In Consent Form are initially mailed by the Settlement Administrator to the Settlement Class.  Settlement Class Members shall have until the Notice Deadline to submit their Opt-In Consent Form, object to, or opt out of the Settlement.

        q.    "Opt-In Consent Form" means the form attached hereto as Exhibit B, subject to the approval of the Court.

        r.    "Opt-In Plaintiff" means individuals who have already submitted an Opt-In Consent Form seeking to join this Action or individuals who return an Opt-In Consent Form prior to the Notice Deadline.

        s.    "Parties" means Plaintiffs and Defendants.

        t.    "Plaintiffs" mean Timothy Niver, Heath Tubbs, and Justyn Grimsley.

        u.    "Preliminary Approval" or "Preliminary Approval Order" means the Court's Preliminary Approval Order preliminarily approving the terms and conditions of this Agreement.

        v.    "Released Claims" means any and all claims, obligations, demands, actions, rights, causes of action and liabilities, whether known or unknown, against Releasees that were or could have been asserted in the Second Amended Complaint based on the facts alleged for alleged unpaid wages, overtime compensation, liquidated or other damages, unpaid costs, restitution or other compensation or relief arising under the FLSA, state wage and hour laws, or state common law claims (including unjust enrichment or quantum meruit) beginning from the longest applicable statute of limitations period through the date of the Notice Deadline, in weeks when the individual worked for Defendants as a Solids Control Technician (also known as "Dewatering Technician").  The Parties acknowledge that only Opt-In Plaintiffs shall release their FLSA claims against Releasees.

        w.    "Releasees" means Defendants and their past, present and future parent companies, subsidiaries, affiliates, divisions, agents, employees, owners, members, officers, directors, investors, legal representatives, executors, administrators, general partners, limited partners, real or alleged alter egos, predecessors, successors, transferees, assigns, and insurers.

        x.    "Settlement Administrator" means Angeion Group, subject to the approval of the Court.

        y.    "Settlement Award" means the payment that each Eligible Class Member shall be entitled to receive pursuant to the terms of this Agreement.

        z.    "Settlement Class" or "Settlement Class Member" means all current or former employees of Specialty Oilfield Solutions, Ltd., Calumet Specialty Products Partners, L.P., and/or Anchor Drilling Fluids USA, Inc. who performed work as Solids Control Technicians (also known as "Dewatering Technicians") for any one of the Defendants in the

United States at any time between November 21, 2011 and the Court's Preliminary Approval Order.

aa.     "Settlement Notice" means the notice to the Settlement Class substantially in the form as Exhibit A attached hereto or as approved by the Court.

bb.     "State Law Settlement Class" means all individuals in the Settlement Class who performed work in Pennsylvania and/or Ohio at any time between November 21, 2011 and the Court's Preliminary Approval Order unless removed from the State Settlement Class by either (a) timely opting out of the Settlement or (b) being identified by the Settlement Administrator as having his/her Notice of Settlement returned as undeliverable (and not subsequently delivered prior to the Notice Deadline following the Settlement Administrator's reasonable efforts).

cc.     "State Law Settlement Class Released Claims" means any and all claims, obligations, demands, actions, rights, causes of action and liabilities, whether known or unknown, against Releasees that were or could have been asserted in the Second Amended Complaint based on the facts alleged for alleged unpaid wages, overtime compensation, liquidated or other damages, unpaid costs, restitution or other compensation or relief arising under Pennsylvania or Ohio wage and hour laws, or state common law claims (including unjust enrichment or quantum meruit), beginning from the longest applicable statute of limitations period through the date of the Notice Deadline, in weeks when the individual worked for Defendants as a Solids Control Technician (also known as "Dewatering Technician.").

## RELEASES

14.     **Release**.  In consideration of the benefits to be received by Plaintiffs and the Settlement Class under this Settlement, upon the Effective Date:

a.     Plaintiffs Niver, Tubbs, and Grimsley shall be deemed to have released and forever discharged Releasees from any and all Released Claims, and, in addition, shall be deemed to have released Releasees from any and all claims, demands, rules or regulations, or any other causes of action of whatever nature, whether known or unknown, including but not limited to Title VII of the Civil Rights Act of 1964, as amended; Sections 1981 through 1988 of Title 42 of the United States Code, as amended; The Genetic Information Nondiscrimination Act of 2008 (GINA); The Employee Retirement Income Security Act of 1974 ("ERISA") (except for any vested benefits under any tax qualified benefit plan); The Civil Rights Act of 1991; The Immigration Reform and Control Act; The Americans with Disabilities Act of 1990; The Family and Medical Leave Act; The Equal Pay Act; The Sarbanes Oxley Act; The Dodd-Frank Act, The Pennsylvania Human Relations Act; the Pennsylvania Whistleblower Law, the City of Pittsburgh Code Ohio Anti-Discrimination Law R.C. 4112 et seq.; The Ohio Whistleblowers' Protection Statute; or any claim for costs, fees, interest, or other expenses including attorneys' fees incurred in any matter; or any and all claims for bonuses, commissions or any claims for incentive compensation of any type, whether under common law or policy or contract, and any other federal, state or local human rights, civil rights, wage-hour, whistleblower, pension or labor laws, rules and/or regulations, public policy, any and all claims that were asserted or that could have been asserted in the Action, any claim for breach of contract, contract or tort laws, or any claim

6

arising under common law, such as claims for malicious prosecution, misrepresentation, defamation, false imprisonment, libel, slander, invasion of privacy, negligence, claims based on theories of strict liability or *respondeat superior*, infliction of emotional distress, or otherwise, or any other action or grievance against the Releasees, based upon any conduct occurring through the date of the Notice Deadline; and

        b.      Each Opt-In Plaintiff and each Eligible Class Member who receives and cashes his settlement check shall be deemed to have released and discharged the Releasees from the Released Claims.  Only Opt-In Plaintiffs shall release their FLSA claims against Releasees.

        c.      Each State Law Settlement Class Member shall be deemed to have released and discharged the Releasees from the State Law Settlement Class Released Claims.

        d.      **Release Language on Settlement Checks.** The Settlement Administrator shall include the following release language on the back of each settlement check:

> By signing or cashing this check, I affirm my release of Specialty Oilfield Solutions, Ltd., Calumet Specialty Products Partners, L.P., and Anchor Drilling Fluids USA, Inc. and all Releasees of all Released Claims as defined in the Settlement Agreement approved by the Court in *Niver, et al. v. Specialty Oilfield Solutions, Ltd., et al.*, No. 2:14-cv-01599-JFC (W.D. Pa.).  I affirm that I will not sue or assert any of the Released Claims against any Releasee.

## CERTIFICATION, NOTICE, AND SETTLEMENT IMPLEMENTATION

        15.      The Parties agree to the following procedures for obtaining preliminary approval of the Settlement, certifying the Settlement Class, and notifying the Settlement Class of this Settlement:

        a.      **Request for Class Certification and Preliminary Approval Order**.  By June 19, 2015, Plaintiffs shall file a Motion for Preliminary Approval of Settlement Agreement, requesting that the Court preliminarily approve the Settlement, certify the Settlement Class pursuant to 29 U.S.C. § 216(b) and the State Law Settlement Class pursuant to FED. R. CIV. P. 23(a) and (b)(3), and set a date for the Final Approval Hearing.

        b.      **Notice**.  The Settlement Administrator shall be responsible for preparing, printing and mailing the Settlement Notice to all Settlement Class Members and the Opt-In Consent form to Settlement Class Members who are not already Opt-In Plaintiffs as of the date of mailing.

        c.      Within five (5) business days after the Court's preliminary approval of the Settlement, Defendants shall provide Class Counsel and the Settlement Administrator with an electronic database containing the names, last known addresses, last known telephone numbers, last known email addresses (if any), social security numbers, dates of employment as a Solids Control Technician, payroll data, and total number of workweeks that each Settlement Class Member worked while working as a Solids Control Technician during the applicable Class Periods.  Class Counsel will additionally provide the Settlement Administrator with any address updates for Opt-In Plaintiffs in this action.

d.      In order to provide the best notice practicable, the Settlement Administrator, prior to mailing the Settlement Notice and Claim Form, will run the list of Settlement Class Members through the U.S. Postal Service's National Change of Address database ("NCOA").

e.      Within five (5) business days after receiving the contact information for the Settlement Class, the Claims Administrator shall mail and email (if email addresses are available) an agreed upon and Court approved Notice and, to current Settlement Class members who have not previously opted in to the action, an Opt-in Consent Form, along with a self-addressed postage pre-paid envelope to the Settlement Class ("Initial Mailing").

f.      Twenty-one (21) calendar days after the Initial Mailing, the Settlement Administrator shall make a duplicate mailing and email to any Settlement Class Members who have not yet returned an Opt-In Consent Form.

g.      Any Settlement Notice returned to the Settlement Administrator with a forwarding address shall be re-mailed by the Settlement Administrator within three (3) business days following receipt of the returned mail.  If any Settlement Notice is returned to the Settlement Administrator without a forwarding address, the Settlement Administrator shall undertake reasonable efforts such as skip traces to search for the correct address, and shall promptly re-mail the Settlement Notice and Opt-In Consent Form (if applicable) to any newly found addresses.

h.      Defendants may communicate about the settlement with their current employees who are Settlement Class Members for the exclusive purpose of encouraging them to participate in the Settlement and submit Opt-In Consent Forms, consistent with the terms and provisions of this Settlement Agreement, and may collect executed Opt-In Consent Forms and provide them to the Settlement Administrator.  Defendants will not take any adverse action against any individual because he/she is eligible to participate or does participate in the Settlement and submits an Opt-In Consent Form.

i.      To be timely, all Opt-In Consent Forms must be postmarked by the Notice Deadline.  The parties, by way of mutual agreement, may waive this time limitation on a case by case basis.

16.      **Objections.**  The Settlement Notice shall provide that Settlement Class Members who wish to object to the Settlement must, on or before the Notice Deadline, mail to Class Counsel and Defendants' counsel a written statement objecting to the Settlement.  The statement must be signed personally by the objector, and must include the objector's name, address, telephone number, email address (if applicable), the factual and legal grounds for the objection, and whether the objector intends to appear at the Final Approval Hearing.  No Settlement Class Member shall be entitled to be heard at the Final Approval Hearing (whether individually or through counsel), unless written notice of the Settlement Class Member's intention to appear at the Final Approval Hearing has been filed with the Court and served upon Class Counsel and Defendants' Counsel on or before the Notice Deadline and the Settlement Class Member has not opted out of the Settlement.  The postmark date of mailing to Class Counsel and Defendants' Counsel shall be the exclusive means for determining that an objection is timely mailed to

counsel.  Persons who fail to return timely written objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

17.     **Requests for Exclusion.**  The Settlement Notice shall provide that Settlement Class Members who wish to exclude themselves from the Settlement ("opt out") must mail to the Settlement Administrator a written statement indicating that they do not wish to participate or be bound by the Settlement.  The written request for exclusion must contain the Settlement Class Member's full name, address, telephone number, and email address (if applicable), and must be signed individually by the Class Member.  No opt-out request may be made on behalf of a group.  Such written statement must be postmarked by the Notice Deadline.  The Settlement Administrator shall provide copies of any requests for exclusion to the Parties' counsel on a weekly basis.

18.     **Interim Report by the Settlement Administrator**.  Within five (5) business days after the Notice Deadline, the Settlement Administrator shall provide counsel for the Parties with a declaration setting forth: (a) due diligence and proof of mailing of the Settlement Notice and Claim Form; (b) the total number of Settlement Class Members who were sent the Settlement Notice and Opt-In Consent Form; (c) the total number of Settlement Class Members who timely returned the Opt-In Consent Form; and (d) the total number of Settlement Class Members who filed timely requests for exclusion from the Settlement, along with the complete copies of all requests for exclusion, including their postmark dates.

19.     **Final Approval Hearing.**  Plaintiffs shall request that the Court schedule the Final Approval Hearing to determine final approval of the settlement and to enter a Final Approval Order:

a.      certifying this Action as an FLSA collective action under 29 U.S.C. § 216(b) and as a class action under Fed. R. Civ. P. 23(a) and (b)(3);

b.      finally approving the Settlement and its terms as a fair, reasonable and adequate settlement of this Action;

c.      directing that the settlement funds be distributed in accordance with the terms of this Settlement Agreement;

d.      directing that the Action be dismissed with prejudice and in full and final discharge of any and all Released Claims and State Law Released Claims;

e.      barring Opt-In Plaintiffs and all Eligible Class Members from prosecuting any of the Released Claims (including FLSA claims with respect to the Opt-In Plaintiffs only) and/or State Law Released Claims against the Releasees; and

f.      retaining continuing jurisdiction over this Action for purposes of overseeing all settlement administration matters.

## SETTLEMENT FUNDS AND AWARD CALCULATION

20. **Gross Settlement Amount**.

a. **Deposit**. Within three (3) business days after the entry of the Final Approval Order, Defendants shall wire the Gross Settlement Amount to the Settlement Administrator. Upon receipt by the Settlement Administrator, these funds shall be transferred immediately to a Qualified Settlement Fund satisfying the requirements of Treasury Regulation Section 1.468B-1. The Settlement Administrator shall provide Defendants with a Section 1.468B-1 Relation Back Election that meets the requirements of Regulation Section 1.468B-1(j)(2) within five (5) business days after receipt of the funds. Defendants shall execute and return this document to the Settlement Administrator which shall be affixed to the initial tax return of the Qualified Settlement Fund in order to establish the start date of the Qualified Settlement Fund. There shall be no reversion of any portion of the Gross Settlement Amount to Defendants at any time.

b. **Disbursement by Settlement Administrator**. All disbursements shall be made from the Qualified Settlement Fund. The Settlement Administrator shall be the only entity authorized to make withdrawals or payments from the Qualified Settlement Fund.

c. **Interest**. The interest on the funds deposited by Defendants will inure to the benefit of the Settlement Class.

21. **Payments**. Subject to the Court's Final Approval Order, the following amounts shall be paid by the Settlement Administrator from the Gross Settlement Amount:

a. **Service Awards and Payment for General Release to Plaintiffs**. Subject to the Court's approval, Plaintiff Niver shall receive Ten Thousand Dollars ($10,000.00), and Plaintiffs Tubbs and Grimsley shall each receive Five Thousand Dollars ($5,000.00) for their efforts in bringing and prosecuting this matter, and in consideration of their general release set forth above. The Qualified Settlement Fund shall issue a Form 1099 for these payments. These payments shall be made within three (3) business days after the Effective Date.

b. **Attorneys' Fees and Costs**.

(i) Subject to the Court's approval, Class Counsel shall receive attorneys' fees in an amount up to one-third of the Gross Settlement Amount, which will compensate Class Counsel for all work performed in the Action as of the date of this Settlement Agreement as well as all of the work remaining to be performed, including but not limited to documenting the Settlement, securing Court approval of the Settlement, making sure that the Settlement is fairly administered and implemented, and obtaining final dismissal of the Actions. In addition, Class Counsel shall receive reimbursement of their out-of-pocket costs approved by the Court. These payments of attorneys' fees and costs shall be made within three (3) business days after the Effective Date.

(ii) The attorneys' fees and costs paid by Defendants pursuant to this Agreement shall constitute full satisfaction of Defendants' obligations to pay amounts to any

person, attorney or law firm for attorneys' fees or costs in this Action on behalf of Plaintiffs and/or any Settlement Class Member, and shall relieve Defendants from any other claims or liability to any other attorney or law firm for any attorneys' fees or costs to which any of them may claim to be entitled on behalf of Plaintiffs or any Settlement Class Member.

(iii)    A Form 1099 shall be provided to Class Counsel for the payments made to Class Counsel.  Class Counsel shall be solely and legally responsible to pay any and all applicable taxes on the payment made to them.

c.    **Settlement Administration Costs**.  Settlement Administration costs are estimated not to exceed $17,500.00 and shall be paid from the Gross Settlement Amount.  A copy of the Settlement Administrator's invoice shall be provided to the Court with Plaintiffs' Motion for Final Approval of Class Action Settlement.  The Parties agree to cooperate in the settlement administration process and to make all reasonable efforts to control and minimize the costs incurred in the administration of the Settlement.

d.    **Settlement Awards to Eligible Class Members.**  Settlement Awards shall be made to Eligible Class Members as set forth below.

22.    **No Claim Based Upon Distributions or Payments in Accordance with this Settlement Agreement.**  No person shall have any claim against Defendants, Class Counsel, Defendants' Counsel, or the Settlement Administrator based on distributions or payments made in accordance with this Settlement Agreement.

## CALCULATION AND DISTRIBUTION OF SETTLEMENT AWARDS

23.    **Settlement Award Eligibility**.  All Eligible Class Members shall be paid a Settlement Award from the Net Settlement Amount.  The Settlement Administrator shall be responsible for determining eligibility for, and the amount of, the Settlement Awards to be paid to Eligible Class Members based on the following formula:

a.    The Settlement Administrator will calculate an award for each Eligible Class Member from the Net Settlement Amount based on the total number of weeks that the respective Settlement Class Member worked for Defendants as a Solids Control Technician during the longest of the applicable Class Period.

b.    Each week shall equal one settlement share, and the total number of settlement shares for all Eligible Class Members will be added together and the resulting sum will be divided into the Net Settlement Amount to reach a per share dollar figure.  That figure will then be multiplied by each Eligible Class Member's number of settlement shares to determine the Eligible Class Member's Settlement Award.

c.    The Settlement Awards for Eligible Class Members who are not Opt-In Plaintiffs will be reduced by ten percent (10%).  The amount of the aggregate 10% reduction for all Eligible Class Members who are not Opt-In Plaintiffs will be divided equally among and included in the Settlement Awards of other Eligible Class Members who are Opt-In Plaintiffs.

        d.      Notwithstanding these provisions, each Eligible Class Member shall receive a minimum amount of $250.

        e.      All Settlement Award determinations shall be based on Defendants' previously produced payroll and timekeeping data for Settlement Class Members.  To the extent that payroll and timekeeping data is not available for any Settlement Class Member for part or all of any individual maximum state law statute of limitations period, the settlement shares may be determined by extrapolation from available data to determine settlement shares for such period.

24.     Fifty percent (50%) of each Settlement Award to Eligible Class Members shall be treated as back wages, and accordingly, on each Settlement Award, the Settlement Administrator shall effectuate federal and applicable state income and employment tax withholding as required by law with respect to 50% of each Settlement Award distributed, and Defendants shall pay the employer's share of all required FICA and FUTA taxes on such amounts.  Withholding shall be at the 25% supplemental wage tax rate.  Defendants shall pay these taxes, which amounts shall be deposited into the Qualified Settlement Fund after the Settlement Awards are mailed to Eligible Class Members, in addition to the Gross Settlement Amount.  Amounts withheld will be remitted by the Settlement Administrator from the Qualified Settlement Fund to the appropriate governmental authorities.  The remaining 50% of each Settlement Award shall be treated as non-wage penalties and liquidated damages, to be reported on an IRS Form 1099, and shall not be subject to FICA and FUTA withholding taxes.  Defendants shall cooperate with the Settlement Administrator to provide payroll tax information as necessary to accomplish the income and employment tax withholding on the wage portion of each Settlement Award, and the Form 1099 reporting for the non-wage portion of each Settlement Award.

25.     The Settlement Administrator shall provide counsel with a final report of all proposed Settlement Awards, at least ten (10) business days before the Settlement Awards are mailed.

26.     The Settlement Administrator shall mail all Settlement Awards to Eligible Class Members within ten (10) business days after the Effective Date or as soon as reasonably practicable.  The Settlement Administrator shall then provide a written certification of such payments to counsel for the Parties.

27.     All Settlement Award checks shall remain valid and negotiable for one hundred eighty (180) days from the date of their issuance and may thereafter automatically be canceled if not cashed within that time, at which time the right to recover any Settlement Award will be deemed void and of no further force and effect.  All funds from checks not cashed will revert to the Qualified Settlement Fund.  The Settlement Administrator will include with each mailed check a letter stating that the check must be cashed or deposited within 180 days or it will be cancelled.

28.     **Remaining Monies**.  If at the conclusion of the 180-day check void period set forth above, there are any monies remaining in the Qualified Settlement Fund, and the remaining monies exceed $25,000.00 they shall be redistributed to Eligible Class Members who cashed their checks with the Settlement Administrator, on a *pro rata* basis relative to their Settlement Awards.  If the remaining monies are less than $25,000.00, those monies shall be paid to the

Parties' agreed-upon *cy pres* recipient, The Community Justice Project, subject to the Court's approval in the Final Approval Order.

## MISCELLANEOUS

29.    **No Admission of Liability.**    This Settlement Agreement and all related documents are not and shall not be construed as an admission by Defendants of any fault or liability or wrongdoing.

30.    **Defendants' Legal Fees.**    Defendants' legal fees and expenses in this Action shall be borne by Defendants.

31.    **Nullification of the Settlement Agreement.**    In the event: (a) the Court does not preliminarily or finally approve the Settlement as provided herein; or (b) the Settlement does not become final for any other reason, this Agreement shall be null and void and the Parties shall be returned to their respective statuses as of the date immediately prior to the execution of this Agreement.  If this occurs, the Parties shall proceed in all respects as if the Agreement had not been executed.  The entire Gross Settlement Amount (plus any interest) shall be returned to Defendants, however, the Parties shall evenly split the Settlement Administrator's costs incurred as of the date the Settlement becomes null and void.

32.    **Inadmissibility of Settlement Agreement.**    Except for purposes of settling this Action, or enforcing its terms (including that claims were settled and released), resolving an alleged breach, or for resolution of other tax or legal issues arising from a payment under this Settlement Agreement, neither this Agreement, nor its terms, nor any document, statement, proceeding or conduct related to this Agreement, nor any reports or accounts thereof, shall be construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to the Parties, including, without limitation, evidence of a presumption, concession, indication or admission by any of the Parties of any liability, fault, wrongdoing, omission, concession or damage.

33.    **Public Statement.**    The Parties and their counsel agree that they will not issue any press releases or hold any press conferences or initiate any contact with the press, media or any industry association about this case and/or the fact, amount or terms of the Settlement.  If the Parties or their counsel are contacted by the press, media or any industry association, they will respond only that the case has been amicably resolved to the Parties' mutual satisfaction.

34.    **Computation of Time.**    For purposes of this Agreement, if the prescribed time period in which to complete any required or permitted action expires on a Saturday, Sunday, or legal holiday (as defined by FED. R. CIV. P. 6(a)(6)), such time period shall be continued to the following business day.

35.    **Interim Stay of Proceedings.**    The Parties agree to hold in abeyance all proceedings in the Action, except such proceedings necessary to implement and complete the Settlement.

36.    **Amendment or Modification.**    This Agreement may be amended or modified only by a written instrument signed by counsel for all Parties or their successors in interest.

37. **Entire Settlement Agreement.** This Agreement constitutes the entire agreement among the Parties, and no oral or written representations, warranties or inducements have been made to any Party concerning this Agreement other than the representations, warranties, and covenants contained and memorialized in such documents. All prior or contemporaneous negotiations, memoranda, agreements, understandings, and representations, whether written or oral, are expressly superseded hereby and are of no further force and effect. Each of the Parties acknowledges that they have not relied on any promise, representation or warranty, express or implied, not contained in this Agreement.

38. **Authorization to Enter Into Settlement Agreement.** Counsel for all Parties warrant and represent that they are expressly authorized by the Parties whom they represent to enter into this Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Agreement. The Parties and their counsel shall cooperate with each other and use their best efforts to effect the implementation of the Agreement. In the event that the Parties are unable to reach resolution on the form or content of any document needed to implement this Agreement, or on any supplemental provisions or actions that may become necessary to effectuate the terms of this Agreement, the Parties shall seek the assistance of the mediator, William H. Lemons, or the Court to resolve such disagreement.

39. **Binding on Successors and Assigns.** This Agreement shall be binding upon, and inure to the benefit of Plaintiffs, Defendants, the Settlement Class Members and their heirs, beneficiaries, executors, administrators, successors, transferees, successors, assigns, or any corporation or any entity with which any party may merge, consolidate or reorganize.

40. **Counterparts.** This Agreement may be executed in one or more counterparts, including by facsimile or email. All executed counterparts and each of them shall be deemed to be one and the same instrument. All executed copies of this Agreement, and photocopies thereof (including facsimile and/or emailed copies of the signature pages), shall have the same force and effect and shall be as legally binding and enforceable as the original.

41. **No Signature Required by Eligible Class Members.** Only the Plaintiffs will be required to execute this Settlement Agreement. The Settlement Notice will advise all Eligible Class Members of the binding nature of the release and such shall have the same force and effect as if this Settlement Agreement were executed by each Eligible Class Member.

42. **Cooperation and Drafting.** The Parties have cooperated in the drafting and preparation of this Agreement; hence the drafting of this Agreement shall not be construed against any of the Parties. The Parties agree that the terms and conditions of this Agreement were negotiated at arm's length and in good faith by the Parties, and reflect a settlement that was reached voluntarily based upon adequate information and sufficient discovery and after consultation with experienced legal counsel.

43. **Governing Law.** All terms of this Settlement Agreement and the exhibits hereto shall be governed by and interpreted according to the laws of the Commonwealth of Pennsylvania and the United States of America, where applicable.

14

44.      **<u>Jurisdiction of the Court.</u>**  The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Settlement and all orders and judgments entered in connection therewith, and the Parties and their Counsel submit to the jurisdiction of the Court for this purpose.

IN WITNESS WHEREOF, the Parties and their Counsel have executed this Settlement Agreement as follows:

**PLAINTIFFS:** _____     Date: June <u>23</u>, 2015
Timothy Niver

_____     Date: June <u>23</u>, 2015
Heath Tubbs

_____     Date: June <u>23</u>, 2015
Justyn Grimsley

**APPROVED AS TO FORM BY CLASS COUNSEL:**

_____     Date: June <u>23</u>, 2015
Shanon J. Carson
Sarah R. Schalman-Bergen
Alexandra L. Koropey
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA19103

**DEFENDANTS:**

Date: June /8 2015

Specialty Oilfield Solutions, Ltd.

Date: June 23 2015

**Calumet Specialty Product Partners, LP**
By Calumet GP, LLC, its general partner

Date: June 23, 2015

**Anchor Drilling Fluids USA, Inc.**

**APPROVED AS TO FORM BY DEFENDANTS' COUNSEL:**

Date: June 22, 2015

Christian Antkowiak
BUCHANAN INGERSOLL & ROONEY, PC
One Oxford Centre
301 Grant Street, 20th Floor
Pittsburgh, PA 15219-1410

Date: June 22, 2015

Rick Etter
REED SMITH LLP
Reed Smith Centre
225 Fifth Avenue
Pittsburgh, Pennsylvania 15222

17

# **EXHIBIT A**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| TIMOTHY NIVER, HEATH TUBBS, and JUSTYN A. GRIMSLEY, individually and on behalf of all persons similarly situated, | : : : : | Civil Action No.: 2:14-cv-01599-JFC |
|  | : | Chief Judge Joy Flowers Conti |
| Plaintiffs, | : : |  |
| v. | : : |  |
| SPECIALTY OILFIELD SOLUTIONS, LTD., CALUMET SPECIALTY PRODUCTS PARTNERS, L.P., and ANCHOR DRILLING FLUIDS USA, INC., | : : : : : | |
| Defendants. | : : |  |

### NOTICE OF FAIR LABOR STANDARDS ACT ("FLSA")
### COLLECTIVE AND CLASS ACTION SETTLEMENT

TO:    [Class Member Name]
        [Address]
        [Address]
        [Last Four Digits of Social Security No.]

### PLEASE READ THIS NOTICE CAREFULLY.

You received this Notice because you already joined this lawsuit as an Opt-In Plaintiff, or because the records of Specialty Oilfield Solutions ("Specialty"), Calumet Specialty Products Partners, L.P. ("Calumet"), and/or Anchor Drilling Fluids USA, Inc. ("Anchor") (collectively, "Defendants") show that you are a current or former employee of Defendants who performed work as a Solids Control Technician (also known as "Dewatering Technicians") for any one of the Defendants in the United States at any time between November 21, 2011 and [date of Court's preliminary approval order].  Because you fit this definition, **you are entitled to receive money from a Settlement in this case, as described below**.

All questions or inquiries regarding this Notice and the Settlement should be directed to Class Counsel, Alexandra L. Koropey of Berger & Montague, P.C., 1622 Locust Street Philadelphia, PA 19103, Telephone: (215) 875-3033, Email: akoropey@bm.net.

1

| 1. | Why Should You Read This Notice? |
|---|---|

This Notice explains your right to share in the monetary proceeds of this Settlement, exclude yourself ("opt out") of the Settlement, or object to the Settlement.  The United States District Court for the Western District of Pennsylvania has preliminarily approved the Settlement as fair and reasonable.  The Court will hold a Final Approval Hearing on _____, 2015 at _____, before the Honorable Joy Flowers Conti of the United States District Court for the Western District of Pennsylvania, in Courtroom 5A, 700 Grant Street, Pittsburgh, PA 15219.

| 2. | What Is This Case About?  Description of the Lawsuit. |
|---|---|

This lawsuit alleges that Solids Control Technicians employed by Defendants were not paid the overtime compensation to which they were entitled under the law.  Defendants deny Plaintiffs' claims but have agreed to the Settlement without any admission of wrongdoing.

On _____ __, 2015, the Court preliminarily approved the Settlement as fair and reasonable and authorized that this Notice be sent to you.

| 3. | How Much Can I Expect To Receive? |
|---|---|

Defendants have agreed to pay Two Million One Hundred Thousand Dollars ($2,100,000.00) to settle this Lawsuit.  Deductions from this amount will be made for attorneys' fees and costs for Class Counsel (see below), settlement administration costs that are estimated not to exceed $17,500.00, and service awards in the amount of $10,000 to Named Plaintiff Timothy Niver and $5,000 each to Named Plaintiffs Heath Tubbs and Justyn Grimsley for their service to the Settlement Class.  After deductions of these amounts, what remains of the Settlement (the "Net Settlement Amount") will be available to pay monetary Settlement Awards to all Settlement Class Members who do not exclude themselves by opting out of the Settlement ("Eligible Class Members").

According to records maintained by Defendants, your total estimated settlement payment (assuming you have either already filed an Opt-In Consent Form to join this case or properly complete and return the enclosed Opt-In Consent Form by the deadline) will be between $[minimum amount] and $[maximum amount] (less applicable taxes and withholding), depending on the number of individuals who receive settlement shares.  This amount is an estimated range, and your final settlement payment is expected to differ from this amount and will be calculated as set forth below.  If you have not already, and you do not properly complete and return the enclosed Opt-In Consent Form by the deadline, you will receive a smaller settlement share calculated as set forth below, unless you exclude yourself from the settlement altogether.

Specifically, all Eligible Class Members will receive a *pro rata* share of the Net Settlement Amount based the total number of weeks that the Eligible Class Member worked for Defendants as a Solids Control Technician during the applicable Class Period, which is the longer of (a) November 21, 2011 and [date of Preliminary Approval Order] if he worked in Pennsylvania; (b) June 15, 2009 and [date of Preliminary Approval Order] if he worked in Ohio; or (b) three years

preceding the date the Eligible Class Member filed his Opt-In Consent Form (or the date the Settlement Administrator received his Claim and Opt-In Consent Form) and [date of Preliminary Approval Order].

Each week will equal one settlement share.  The total number of settlement shares for all Eligible Class Members will be added together and the resulting sum will be divided into the Net Settlement Amount to reach a per share dollar figure.  That figure will then be multiplied by each Eligible Class Member's number of settlement shares to determine the Eligible Class Member's Settlement Award, unless the Eligible Class Member did not previously opt in to the case or timely return an Opt-In Consent Form, in which case the Settlement Award will be reduced by ten percent (10%).  The amount of the 10% reduction applicable to all Eligible Class Members who did not previously opt in to the case or who do not timely return an Opt-In Consent Form will be divided equally among all Eligible Class Members who previously opted in to the case or who timely return an Opt-In Consent Form.  Each Eligible Class Member will receive a minimum amount of $250, regardless of the number of settlement shares allocated to that Eligible Class Member.

All Settlement Award determinations will be based on Defendants' personnel and payroll records.  The Settlement Administrator will deduct applicable employee payroll taxes and withholdings from the Settlement Awards as set forth in the Settlement Agreement.

If you receive a Settlement Award, you will have 180 days to cash your check that will be sent to you by the Settlement Administrator.  If at the conclusion of the 180-day check void period, there are any uncashed checked and the remaining monies from those checks exceed $25,000.00, they will be redistributed to Eligible Class Members who cashed their checks on a *pro rata* basis relative to their Settlement Awards.  If the remaining monies are less than $25,000.00, those monies will be paid to the Parties' agreed upon *cy pres* recipient, subject to the Court's approval in the Final Approval Order.

In exchange for cashing your check and obtaining your Settlement Award, each Eligible Class Member has agreed to the following release of claims:

> any and all claims, obligations, demands, actions, rights, causes of action and liabilities, whether known or unknown, against Defendants and their past, present and future parent companies, subsidiaries, affiliates, divisions, agents, employees, owners, members, officers, directors, investors, legal representatives, executors, administrators, real or alleged alter egos, predecessors, successors, transferees, assigns, and insurers ("Releasees") that were or could have been asserted in the Second Amended Complaint based on the facts alleged for alleged unpaid wages, overtime compensation, liquidated or other damages, unpaid costs, restitution or other compensation or relief arising under the FLSA, state wage and hour laws, or state common law claims (including unjust enrichment or quantum meruit) beginning from the longest applicable statute of limitations period through [INSERT DATE OF NOTICE DEADLINE], in weeks when the individual worked for Defendants as a Solids Control Technician (also known as "Dewatering Technician."). Only Opt-In Plaintiffs or individuals who timely

submit an Opt-In Consent Form shall release their FLSA claims against Releasees ("Released Claims").

**Please fill out and return the enclosed Opt-In Consent Form to receive your full Settlement Award.**

**It is your responsibility to keep a current address on file with the Settlement Administrator to ensure receipt of your monetary Settlement Award.  If you fail to keep your address current, you may not receive your Settlement Award.**

| 4. | **What Are My Rights?** |
|---|---|

- If you are a Settlement Class Member and you do not exclude yourself from the Settlement, then you will receive a payment.  If you timely submit an Opt-In Consent Form, you will receive your Full Settlement Award.  If you do not timely submit an Opt-In Consent Form, you will receive ninety percent (90%) of your Settlement Award.  **If you already joined the case by filing an Opt-In Consent Form, you will not be sent an Opt-In Consent Form with this Notice and you do not need to do anything in order to receive your Full Settlement Award.**

- If you are a member of the Settlement Class and do not wish to be bound by the Settlement, and do not wish to receive a payment, you must submit a written exclusion from the Settlement ("opt-out"), postmarked by [INSERT].  The written request for exclusion must contain your full name, address, telephone number, email address (if applicable) and must be signed individually by you.  No opt-out request may be made on behalf of a group.   The opt-out request must be sent by mail to the Settlement Administrator at: [INSERT SETTLEMENT ADMIN INFO].  **Any person who requests exclusion (opts out) of the settlement will not be entitled to any Settlement Award and will not be bound by the Settlement Agreement or have any right to object, appeal or comment thereon.**

- If you received this Notice and wish to object to the Settlement, you must submit an objection stating the factual and legal grounds for your objection to the settlement.  Your objection must state your full name, address, telephone number, and email address (if applicable), and must be signed by you.  Any objection must be mailed to:

Alexandra L. Koropey  
**BERGER & MONTAGUE, P.C.**  
1622 Locust Street  
Philadelphia, Philadelphia 19103

Christian Antkowiak  
**BUCHANAN INGERSOLL & ROONEY, P.C.**  
One Oxford Centre  
301 Grant Street, 20th Floor  
Pittsburgh, PA 15219-1410

If you submit a written objection, you may also, if you wish, appear at the Final Approval Hearing to discuss your objection with the Court and the parties to the Lawsuit.  Your written objection must state whether you will attend the Final Approval Hearing, and your written notice of your intention to appear at the Final Approval Hearing must be filed with the Court and served

4

upon Class Counsel and Defendants' Counsel on or before the Notice Deadline.  If you wish to object to the Settlement but fail to return your timely written objection in the manner specified above, you shall be deemed to have waived any objection and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.  The postmark date of mailing to Class Counsel and Defendants' Counsel shall be the exclusive means for determining that an objection is timely mailed to counsel.

If the proposed Settlement is approved by the Court at the Final Approval Hearing, and you performed work in Pennsylvania and/or Ohio at any time between November 21, 2011 and [INSERT DATE OF the Court's Preliminary Approval Order] and do not exclude yourself from the Settlement, a judgment will be entered by the Court that will dismiss any and all claims, obligations, demands, actions, rights, causes of action and liabilities, whether known or unknown, against Releasees that were or could have been asserted in the Second Amended Complaint based on the facts alleged for alleged unpaid wages, overtime compensation, liquidated or other damages, unpaid costs, restitution or other compensation or relief arising under Pennsylvania or Ohio wage and hour laws, or state common law claims (including unjust enrichment or quantum meruit), beginning from the longest applicable statute of limitations period through [INSERT DATE OF the Notice Deadline], in weeks when you worked for Defendants as a Solids Control Technician (also known as "Dewatering Technician.") ("State Law Settlement Class Released Claims").

## 5.      Can Defendants Retaliate Against Me for Participating in this Lawsuit?

No.  If you are a current employee of Defendants, your decision as to whether or not to participate in this Lawsuit will in no way affect your employment with Defendants.  It is illegal for Defendants to take any adverse employment action against you as a result of your participating in this Lawsuit.  In fact, Defendants encourage you to participate in this Settlement and submit an Opt-In Consent Form if you have not already done so in order to receive your maximum share of the Net Settlement Amount.  Current employees may return their Opt-In Consent Form to [INSERT NAME OR POSITIONS], who will provide it to the Settlement Administrator.

## 6.      Who Are the Attorneys Representing Plaintiffs and the Settlement Class?

Plaintiffs and the Settlement Class are represented by the following attorneys acting as Class Counsel:

Shanon J. Carson
Sarah R. Schalman-Bergen
Alexandra L. Koropey
**BERGER & MONTAGUE, P.C.**
1622 Locust Street
Philadelphia, Philadelphia 19103
Telephone: (215) 875-3033
Facsimile: (215) 875-4604
Email: akoropey@bm.net
Website: www.bergermontague.com

| 7. | How Will the Attorneys for the Settlement Class Be Paid? |
|---|---|

Class Counsel will be paid from the gross settlement amount of $2,100,000.00. You do not have to pay the attorneys who represent the Settlement Class. The Settlement Agreement provides that Class Counsel will receive attorneys' fees of up to one-third (1/3) of the gross settlement amount ($700,000.00) plus their out-of-pocket costs, which are presently $13,797.29. Class Counsel will file a Motion for Attorneys' Fees and Costs with the Court. The amount of attorneys' fees and costs awarded will be determined by the Court at the Final Approval Hearing.

| 8. | Additional Information |
|---|---|

**IF YOU NEED MORE INFORMATION OR HAVE ANY QUESTIONS**, you may contact Class Counsel as listed above or the Settlement Administrator at the toll-free telephone number listed or by email listed below. Please refer to the Specialty Oilfield Solutions Overtime Settlement.

Attn: Specialty Oilfield Solutions Overtime Settlement
Angeion Group, LLC,
1801 Market Street, Suite 660
Philadelphia, PA 19103
Telephone Number: _____
Fax Number: _____
Email Address: _____

This Notice only summarizes the Lawsuit, the Settlement and related matters. For more information, you may inspect the Court files at the Office of the Clerk, United States District Court located 700 Grant Street, Pittsburgh, PA 15219, from 8:30 a.m. to 4:30 p.m., Monday through Friday.

**PLEASE DO NOT CONTACT THE COURT.**

# **EXHIBIT B**

## OPT-IN CONSENT FORM

*Niver et al. v. Specialty Oilfield Solutions, Ltd. et al.*, No. 2:14-cv-01599-JFC (W.D. Pa.)

**COMPLETE AND MAIL, FAX OR EMAIL THIS FORM TO:**
Attn: Specialty Oilfield Solutions Overtime Settlement
Angeion Group, LLC,
1801 Market Street, Suite 660
Philadelphia, PA 19103
Telephone Number:  _____
Fax Number: _____
Email Address: _____

**CLAIMANT INFORMATION:**

[INSERT CLAIMANT NAME AND ADDRESS]

**Telephone No.:**

**Email Address:**

**Social Security No.:** xxx-xx-[INSERT]

**Claim No.:**

If different than the preprinted data to the left, please print your correct legal name, current address and Social Security Number here:

**TO RECEIVE YOUR FULL SETTLEMENT AWARD IN THE SPECIALTY OILFIELD SOLUTIONS, LTD., CALUMET SPECIALTY PRODUCTS PARTNERS, L.P., AND ANCHOR DRILLING FLUIDS USA, INC. OVERTIME SETTLEMENT, PLEASE SIGN AND RETURN THIS OPT-IN CONSENT FORM POSTMARKED BY _____, 2015.**

If your address changes, you must send the Settlement Administrator your new address.  It is your responsibility to keep your address on file and up-to-date with the Settlement Administrator so that you can be sure to receive your monetary Settlement Award.

By signing below, I certify that I was employed by Specialty Oilfield Solutions, Ltd., Calumet Specialty Products Partners, L.P., and/or Anchor Drilling Fluids USA, Inc. ("Defendants") as a Solids Control Technicians (also known as "Dewatering Technicians") for any one of the Defendants in the United States at any time between November 21, 2011 and [INSERT DATE]; that my name, address, telephone number and Social Security Number or Tax Identification Number written above are correct; and that all other information that I have provided in this document is correct.

I also hereby consent and agree to join this lawsuit, and I hereby opt in to become a plaintiff in this lawsuit and consent to be bound by the collective action settlement, including of all Released Claims as set forth in the NOTICE OF FAIR LABOR STANDARDS ACT ("FLSA") COLLECTIVE AND CLASS ACTION SETTLEMENT.

Date:_____

_____
Signature